**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-414 JCH |
| | ) | |
| ST. LOUIS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On June 2, 2022, the Court ordered self-represented plaintiff Marvin Young to submit a second amended complaint to cure his pleading deficiencies. ECF No. 7. Plaintiff has not complied as directed, and the time for doing so has passed. Consequently, this action will be dismissed without prejudice for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b). Furthermore, as discussed below, plaintiff's complaint is subject to dismissal because it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2).

**Background**

On April 8, 2022, plaintiff, an inmate at the St. Louis County Justice Center (the "Jail"), filed his original complaint on thirteen pages of notebook paper against twelve defendants. On May 11, 2022, the Court directed plaintiff to file an amended complaint because the filing was not drafted on a Court-provided form as required by Local Rule 2.06(A). ECF No. 4. The Court provided plaintiff with detailed instructions on how to file an amended complaint, including how to format his statement of claim. Plaintiff was explicitly directed to include "facts explaining how each defendant was personally involved in or directly responsible for harming him." *Id.* at 3.

Plaintiff timely filed his amended complaint on May 23, 2022 on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 5. In the Caption plaintiff listed seven defendants: (1) Captain Raymond; (2) Lt. Porter; (3) Sgt. Thompson; (4) correctional officer Anderson; (5) correctional officer Johnson; (6) correctional officer Tackett; and (7) correctional officer Windham. *Id.* at 1. The form complaint instructed plaintiff to provide each defendant's job title and indicate whether they were being sued in their individual capacity, official capacity, or both. *Id.* at 2. Plaintiff, however, identified only two of the seven defendants, Raymond and Windham, as employees of the Jail and indicated he was suing them in their official capacities. *Id.* at 2-3. He was silent as to the capacity in which he was suing the remaining defendants.

In the section designated to provide the statement of claim, plaintiff wrote he "got stab[bed]," "kicked," and "punched" "multiple times" at the Jail on May 19, 2022. *Id.* at 2. He did not provide any factual information about the specific actions of each defendant. Plaintiff described his injuries as "a swollen lip, busted face," "cuts on lip and hand," and "a bruise on [his] neck." *Id.* at 4. For relief, he sought an "award for dama[g]e in excess of $1,00[0],000." *Id.* at 5.

On June 2, 2022, the Court reviewed plaintiff's amended complaint and determined it was subject to dismissal. ECF No. 7. The Court explained that when a plaintiff does not specify whether a defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official capacity claims. *Id.* at 4 (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

Because plaintiff's amended complaint limited his allegations to official capacity claims against the defendants, he was required to establish St. Louis County's liability for the alleged

conduct. In an official capacity claim against an individual, the claim is actually against the defendant's public employer or, in other words, the governmental entity itself. *See* ECF No. 7 at 5. Plaintiff, however, failed to establish St. Louis County's liability for the alleged conduct as he did not identify an unconstitutional municipal policy or custom. *Id.* In consideration of plaintiff's self-represented status and the severity of the allegations, the Court directed him to file a second amended complaint. The Court warned plaintiff that if he failed to sue defendants in their individual capacities, this action could be dismissed. *Id.* at 6-7.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

To date, plaintiff has not responded to the Court's June 2, 2022 Memorandum and Order. His second amended complaint was due no later than July 2, 2022. Plaintiff was advised that if he failed to timely comply, the Court would dismiss this action without prejudice and without further notice. ECF No. 7 at 11. As a result, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's Memorandum and Order and his failure to prosecute this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Moreover, the Court notes that this action must also be dismissed for plaintiff's failure to state a claim. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff was granted leave to proceed *in forma pauperis* on June 2, 2022. ECF No. 7.

As discussed above, the instant action alleges only official capacity claims against the named defendants. A "suit against a public employee in his or her official capacity is merely a suit

against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, in order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff's amended complaint does not allege that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights, and there are no allegations regarding a pattern of similar constitutional violations by other St. Louis County employees. St. Louis County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*,

715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if plaintiff checked the "individual capacity" boxes in the form complaint; as presently drafted, plaintiff's complaint still fails to state a claim. To properly plead an individual capacity claim, plaintiff must allege facts connecting the defendant(s) to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). Here, plaintiff's amended complaint generally alleges he was kicked, punched, and stabbed multiple times, but he does not mention the name of any specific defendant and how they were involved or what they specifically did.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this __14th__ day of July, 2022.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE